Case 4:24-cr-00476   Document 1   Filed 09/05/24 in TXSD   Page 1 of 9

United States Courts
Southern District of Texas
FILED
*September 05, 2024*

Nathan Ochsner, Clerk of Court

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| v. | § | Criminal Number |
| JOHN ROBERT CONTRERAS | § | |
| MARIO GAITAN | § | **4:24-cr-476** |
| RENE DELEON | § | |
| LYNDON WARNER | § | |
| GREGORY BAUTSCH | § | |
| VERONICA MOODY | § | |
| THOMAS MILLER | § | |
| ERICA WARNER | § | |
| JESSEE ALBARRAL | § | |
| KEVIN MARTIN | § | |

## INDICTMENT

**THE GRAND JURY CHARGES THAT:**

### COUNT ONE

On or about and between October 27, 2021, and continuing up and until the date of this indictment, in the Southern District of Texas, and elsewhere within the jurisdiction of the Court,

JOHN ROBERT CONTRERAS
MARIO GAITAN
RENE DELEON
LYNDON WARNER
GREGORY BAUTSCH
VERONICA MOODY
THOMAS MILLER
ERICA WARNER
JESSEE ALBARRAL
and
KEVIN MARTIN,

Defendants herein, together with persons known and unknown to the Grand Jury, did unlawfully, knowingly and intentionally agree, conspire and confederate with each other to

Page **1** of **9**

commit an offense defined in Title 21, United States Code, Section 841(a)(1), that is, to possess with the intent to manufacture or distribute a controlled substance. This offense involved a mixture or substance containing a detectable amount of Methamphetamine, a mixture or substance containing a detectable amount of Cocaine and a mixture or substance containing a detectable amount of Cocaine Base. These substances are Schedule II controlled substances.

In violation of Title 21, United States Code, Sections 841(a)(1), 841(b)(1)(C), and 846.

## COUNT TWO

*[21 U.S.C. 841, 18 U.S.C. 2 Possession with Intent to distribute a Controlled Substance]*

On or about October 27, 2021, in the Southern District of Texas, and elsewhere within the jurisdiction of the Court,

**LYNDON WARNER,**

Defendant herein, did intentionally commit an offense defined in Title 21, United States Code, Section 841(a)(1), that is, to possess with intent to distribute a controlled substance. This offense a mixture or substance containing a detectable amount of methamphetamine, and a mixture or substance containing a detectable amount of cocaine, both schedule II controlled substances.

In violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C)

## COUNT THREE

*[21 U.S.C. 841, Possession with Intent to distribute a Controlled Substance]*

On or about November 10, 2021, in the Southern District of Texas, and elsewhere within the jurisdiction of the Court,

**LYNDON WARNER,**

Defendant herein, did intentionally commit an offense defined in Title 21, United States Code, Section 841(a)(1), that is, to possess with intent to distribute a controlled substance. This offense involved a mixture or substance containing a detectable amount of methamphetamine, and a mixture or substance containing a detectable amount of cocaine, both schedule II controlled substances.

In violation of Title 21, United States Code, Sections 841(a)(1), 841(b)(1)(C).

## COUNT FOUR

*[21 U.S.C. 841, 18 U.S.C. 2 Possession with Intent to distribute a Controlled Substance]*

On or about December 2, 2021, in the Southern District of Texas, and elsewhere within the jurisdiction of the Court,

**LYNDON WARNER,**

Defendant herein, did intentionally commit an offense defined in Title 21, United States Code, Section 841(a)(1), that is, to possess with intent to distribute a controlled substance. This offense involved a mixture or substance containing a detectable amount of cocaine base, a schedule II controlled substance.

In violation of Title 21, United States Code, Sections 841(a)(1), 841(b)(1)(C)

## COUNT FIVE

*[21 U.S.C. 841, 18 U.S.C. 2 Possession with Intent to distribute a Controlled Substance, aiding and abetting]*

On or about March 10, 2022, in the Southern District of Texas, and elsewhere within the jurisdiction of the Court,

**LYNDON WARNER**
**and**
**JESSEE ALBARRAL,**

Defendants herein, and others known and unknown to the Grand Jury, did intentionally aid, abet, and assist each other to commit an offense defined in Title 21, United States Code, Section 841(a)(1), that is, to possess with intent to distribute a controlled substance. This offense involved a mixture or substance containing a detectable amount of methamphetamine, a schedule II controlled substance.

In violation of Title 21, United States Code, Sections 841(a)(1), 841(b)(1)(C) and Title 18, United States Code, Section 2.

## COUNT SIX

*[21 U.S.C. 841, 18 U.S.C. 2 Possession with Intent to distribute a Controlled Substance, aiding and abetting]*

On or about May 26, 2022, in the Southern District of Texas, and elsewhere within the jurisdiction of the Court,

**JOHN ROBERT CONTRERAS**
**LYNDON WARNER**
**THOMAS MILLER**
**and**
**KEVIN MARTIN,**

Defendants herein, and others known and unknown to the Grand Jury, did intentionally aid, abet, and assist each other to commit an offense defined in Title 21, United States Code, Section 841(a)(1), that is, to possess with intent to distribute a controlled substance. This offense

involved a mixture or substance containing a detectable amount of cocaine, a schedule II controlled substance.

In violation of Title 21, United States Code, Sections 841(a)(1), 841(b)(1)(C) and Title 18, United States Code, Section 2.

## COUNT SEVEN

*[21 U.S.C. 841, 18 U.S.C. 2 Possession with Intent to distribute a Controlled Substance, aiding and abetting]*

On or about June 17, 2022, in the Southern District of Texas, and elsewhere within the jurisdiction of the Court,

**JOHN ROBERT CONTRERAS**
**and**
**GREGORY BAUTSCH,**

Defendants herein, and others known and unknown to the Grand Jury, did intentionally aid, abet, and assist each other to commit an offense defined in Title 21, United States Code, Section 841(a)(1), that is, to possess with intent to distribute a controlled substance. This offense involved a mixture or substance containing a detectable amount of cocaine and a mixture or substance containing a detectable amount of methamphetamine, both schedule II controlled substances.

In violation of Title 21, United States Code, Sections 841(a)(1), 841(b)(1)(C) and Title 18, United States Code, Section 2.

## COUNT EIGHT

*[21 U.S.C. 841, 18 U.S.C. 2 Possession with Intent to distribute a Controlled Substance, aiding and abetting]*

On or about July 13, 2022, in the Southern District of Texas, and elsewhere within the jurisdiction of the Court,

**JOHN ROBERT CONTRERAS
and
GREGORY BAUTSCH,**

Defendants herein, and others known and unknown to the Grand Jury, did intentionally aid, abet, and assist each other to commit an offense defined in Title 21, United States Code, Section 841(a)(1), that is, to possess with intent to distribute a controlled substance. This offense involved a mixture or substance containing a detectable amount of cocaine, a mixture or substance containing a detectable amount of cocaine base, and a mixture or substance containing a detectable amount of methamphetamine, all schedule II controlled substances.

In violation of Title 21, United States Code, Sections 841(a)(1), 841(b)(1)(C) and Title 18, United States Code, Section 2.

## COUNT NINE

*[21 U.S.C. 841, 18 U.S.C. 2 Possession with Intent to distribute a Controlled Substance, aiding and abetting]*

On or about July 20, 2022, in the Southern District of Texas, and elsewhere within the jurisdiction of the Court,

**JOHN ROBERT CONTRERAS
MARIO GAITAN
and
RENE DELEON,**

Defendants herein, and others known and unknown to the Grand Jury, did intentionally aid, abet, and assist each other to commit an offense defined in Title 21, United States Code, Section

841(a)(1), that is, to possess with intent to distribute a controlled substance. This offense involved a mixture or substance containing a detectable amount of cocaine, a schedule II controlled substance.

In violation of Title 21, United States Code, Sections 841(a)(1), 841(b)(1)(C) and Title 18, United States Code, Section 2.

## COUNT TEN

*1956 (h) Conspiracy to Launder Monetary Instruments*

From on or about May 11, 2022, and continuing up and until the date of this indictment, in the Southern District of Texas and elsewhere, and within the jurisdiction of this Court, Defendants,

**JOHN ROBERT CONTRERAS**
**MARIO GAITAN**
**RENE DELEON**
**and**
**VERONICA MOODY,**

and others known and unknown to the Grand Jury, did knowingly, intentionally, and unlawfully combine, conspire, confederate, and agree with each other and others known and unknown to the Grand Jury, to commit the following offenses:

To knowingly conduct and attempt to conduct a financial transaction affecting interstate and foreign commerce and which involved the proceeds of specified unlawful activity, namely, the sale and distribution of controlled substances, with the intent to promote the carrying on of specified unlawful activity, knowing that the property involved in the financial transaction represented the proceeds of some form of unlawful activity, in violation of Title 18, United States Code, § 1956 (a)(1)(A)(i);

NOTICE OF CRIMINAL FORFEITURE

Title 21, United States Code, Section 853

Pursuant to Title 21, United States Code, Section 853, the United States gives notice to the defendants,

**JOHN ROBERT CONTRERAS**
**MARIO GAITAN**
**RENE DELEON**
**LYNDON WARNER**
**GREGORY BAUTSCH**
**VERONICA MOODY**
**THOMAS MILLER**
**ERICA WARNER**
**JESSEE ALBARRAL**
and
**KEVIN MARTIN,**

that upon conviction of an offense in violation of Title 21, United States Code, Sections 841 or 846, as charged in counts 1,2,3,4,5,6,7,8,9 of this indictment, the following is subject to forfeiture:

(1) all property constituting, or derived from, any proceeds obtained, directly or indirectly, as the result of such offense; and

(2) all property used or intended to be used, in any manner or part, to commit, or to facilitate the commission of such offense.

SUBSTITUTE ASSETS

Defendants are notified that in the event that property subject to forfeiture, as a result of any act or omission of the defendants:

a.  cannot be located upon exercise of due diligence;

b.  has been placed beyond the jurisdiction of the Court;

c.  has been transferred or sold to, or deposited with, a third party;

d.  has been substantially diminished in value; or

e.  has been commingled with other property which cannot be divided without difficulty;

It is the intent of the United States to seek forfeiture of any other property of the defendants up to the value of such property, pursuant to Title 21, United States Code, Section 853 (p), and Title 18, United States Code, Section 982 (b)(1) incorporating Title 21, United States Code, Section 853 (p).

**A TRUE BILL**

Original Signature on File
_____
FOREPERSON OF THE GRAND JURY

Alamdar S. Hamdani
United States Attorney

By: *Stuart A. Burns*
STUART A. BURNS
Assistant United States Attorney
(713) 567-9580